CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson** | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **Mark B. Fredkin;** **Gary E. Fredkin;** **Summit Marble & Cabinet, Inc.,** a California Corporation | |
| Defendants. | |

Plaintiff Scott Johnson complains of Mark B. Fredkin; Gary E. Fredkin; Summit Marble & Cabinet, Inc., a California Corporation**;** and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2. Defendants Mark B. Fredkin and Gary E. Fredkin owned the real

Complaint

property located at or about 1713 Rogers Ave, San Jose, California, between December 2018 and July 2020.

3. Defendants Mark B. Fredkin and Gary E. Fredkin own the real property located at or about 1713 Rogers Ave, San Jose, California, currently.

4. Defendant Summit Marble & Cabinet, Inc. owned Summit Marble & Cabinet located at or about 1713 Rogers Ave, San Jose, California, between December 2018 and July 2020.

5. Defendant Summit Marble & Cabinet, Inc. owns Summit Marble & Cabinet located at or about 1713 Rogers Ave, San Jose, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

Complaint

founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to Summit Marble & Cabinet in December 2018, January 2020, February 2020, March 2020 and July 2020 with the intention to avail himself of its goods or services motivated in part to determine if the defendants comply with the disability access laws.

11. Summit Marble & Cabinet is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the dates of the plaintiff's visits, the defendants failed to provide wheelchair accessible parking in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

13. Summit Marble & Cabinet provides parking to its customers but fails to provide wheelchair accessible parking.

14. A few problems encountered by the plaintiff is that there were no van-accessible parking spaces and there were slopes that exceeded 2.1% in the parking space marked and reserved for persons with disabilities. Additionally, there were not enough parking spaces for wheelchair users in the parking lot.

15. Plaintiff believes that there are other features of the parking that likely fail to comply with the ADA Standards and seeks to have fully compliant parking available for wheelchair users.

16. On information and belief the defendants currently fail to provide wheelchair accessible parking.

17. Additionally, on the dates of the plaintiff's visits, the defendants failed to provide wheelchair accessible paths of travel in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

18. Summit Cabinet and Granite provides paths of travel to its customers

but fails to provide wheelchair accessible paths of travel.

19. A few problems that plaintiff encountered is that the ramp that runs up to the entrance did not have a level landing. What is more, the ramp had a slope that was too steep for plaintiff.

20. Plaintiff believes that there are other features of the paths of travel that likely fail to comply with the ADA Standards and seeks to have fully compliant paths of travel available for wheelchair users.

21. On information and belief the defendants currently fail to provide wheelchair accessible paths of travel.

22. Moreover, on the dates of the plaintiff's visits, the defendants failed to provide wheelchair accessible door hardware in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

23. Summit Marble & Cabinet provides door hardware to its customers but fails to provide wheelchair accessible door hardware.

24. The problem that plaintiff encountered is that the entrance door hardware had a panel style handle that required tight grasping to operate.

25. Plaintiff believes that there are other features of the door hardware that likely fail to comply with the ADA Standards and seeks to have fully compliant door hardware available for wheelchair users.

26. On information and belief the defendants currently fail to provide wheelchair accessible door hardware.

27. These barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers.

28. As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

29. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

Complaint

30. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

31. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

32. Plaintiff will return to Summit Marble & Cabinet to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that Summit Marble & Cabinet and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

33. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

Complaint

1  Defendants.) (42 U.S.C. section 12101, et seq.)

2  34. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

35. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

36. When a business provides parking for its customers, it must provide accessible parking.

Complaint

37. Here, accessible parking has not been provided in conformance with the ADA Standards.

38. When a business provides paths of travel, it must provide accessible paths of travel.

39. Here, accessible paths of travel have not been provided in conformance with the ADA Standards.

40. When a business provides facilities such as door hardware, it must provide accessible door hardware.

41. Here, accessible door hardware has not been provided in conformance with the ADA Standards.

42. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

43. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

44. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

45. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal.

Civ. Code §51(b).

46. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

47. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

49. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest physical personal injury greater than the amount of the statutory damages.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 6, 2020        CENTER FOR DISABILITY ACCESS

By: _____

Amanda Seabock, Esq.
Attorney for plaintiff

Complaint